## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**Ellis Everett**,

    *Plaintiff,*

    v.

**Affiliate Asset Solutions, LLC, and Pendrick Capital Partners, LLC,**

    *Defendants*.

Case No.: 8:21-cv-1308

Ad Damnum: **$6,000 + Fees and Costs**

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **Ellis Everett** ("**Mr. Everett**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, **Affiliate Asset Solutions, LLC,** ("**Affiliate**"), and **Pendrick Capital Partners, LLC** ("**Pendrick**"), stating as follows:

## PRELIMINARY STATEMENT

1.      This is an action brought by Mr. Everett against the Defendants for violations of the *Fair Debt Collection Practices Act*, 15 U.S.C. § 1692, *et seq.* ("**FDCPA**"), the *Fair Credit Reporting Act*, 15 U.S.C. §1681, *et. seq.* ("**FCRA**") and the *Florida Consumer Collection Practices Act*, Section 559.55, *et seq.*, Florida Statutes ("**FCCPA**").

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction for Plaintiff's FDCPA and FCRA claims arises under and 28 U.S.C § 1331, as the FDCPA and FCRA are federal statutes.

3.      This Court has supplemental jurisdiction for Mr. Everett's state law claims pursuant to 28 U.S.C. § 1367.

4.      Defendants are subject to the provisions of the FDCPA, FCRA and the FCCPA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes and Fed. R. Civ. P. 4(k).

5.      Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants therein.

## PARTIES

6.      **Mr. Everett** is a natural person residing in Wimauma, Hillsborough County, Florida, and a *Consumer* as defined by the FDCPA, 15 U.S.C. §1692a(3), the FCRA, 15 U.S.C. § 1681a(c), and the FCCPA, Section 559.55(8), Florida Statutes.

7.      **Affiliate** is a Delaware corporation with a primary business address of **145 Technology Parkway, Suite 100, Peachtree Corners, Georgia 30092**.

8.      Affiliate's Florida Registered Agent is **CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.**

9.      **Pendrick** is a Delaware corporation with a primary business address

of **2331 Mill Road, Suite 510, Alexandria, Virginia 22314**.

10.     Pendrick's Florida Registered Agent is **CT Corporation System, 1200**

**South Pine Island Rd., Plantation, FL 33324.**

## DEFENDANTS ARE DEBT COLLECTORS

11.     The Defendants are *Debt Collectors* within the meaning of the FDCPA,

15 U.S.C. § 1692a(6), and the FCCPA, Section 559.55(7), Florida Statutes, in that

they use instrumentalities of commerce, including postal mail, telephone, the

internet, and/or e-mail, interstate and within the State of Florida, for their

businesses, the principal purposes of which are the collection of debts, and/or they

regularly collect or attempt to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another.

12.     Affiliate is licensed as a *Consumer Collection Agency* ("**CCA**") by the

Florida Office of Financial Regulation, holding license number **CCA9903681.**

13.     Pendrick is also licensed as a CCA, holding license number

**CCA9902797.**

14.     As licensed CCAs, the Defendants know or should know their

obligations under the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

15.     On or about April 17, 2018, Mr. Everett required emergency medical treatment.

16.     The medical service provider later claimed Mr. Everett incurred a medical debt for charges not covered by insurance (the "**Debt**").

17.     The Debt arose from expenses incurred for personal medical services and thus meets the definitions of "debt" found within the FDCPA and FCCPA.

18.     Sometime after this, the Debt was sold or otherwise assigned to Pendrick, or to some other unknown successor-in-interest who then re-sold the Debt to Pendrick.

19.     Sometime prior to January 5, 2019, Pendrick placed or assigned the Debt for collection with Affiliate.

20.     When assigning the Debt to Affiliate for collection, Pendrick communicated information to Affiliate, including the amount of the Debt, the original creditor, the date of delinquency, the nature of the Debt, the fact that Mr. Everett had been treated by a particular medical provider, the nature of services provided, the date of last payment, and Mr. Everett's personal contact information.

21.     Mr. Everett never consented to the disclosure of information about him or the Debt to Affiliate – an unrelated third party.

22.     Affiliate is not an attorney for Pendrick, nor has the Debt been reduced to judgment at any point, nor is Affiliate a consumer reporting agency.

23.     Pendrick's disclosure of information about Mr. Everett and the Debt was therefore in violation of 15 U.S.C. § 1692c(b).  See *Hunstein v. Preferred Collection & Mgmt. Servs.*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

24.   On January 5, 2019, March 5, 2019 and June 4, 2020, Affiliate requested consumer credit reports on Mr. Everett from Experian Information Solutions, Inc. ("**Experian**"), a nationwide *Consumer Credit Reporting Agency* ("**CRA**"), to facilitate its efforts in collecting the Debt from Mr. Everett.

25.   This request was recorded by Experian.  **SEE PLAINTIFF'S EXHIBIT A.**

26.   To lawfully request a *Credit Bureau Report* ("**CBR**") from a CRA, a debt collector must be collecting a debt which arises from a *Credit Transaction* involving the consumer.  *See* 15 U.S.C. §1681b(a)(3)(A); *Pigg v. Fair Collections & Outsourcing, Inc.*, No. 1:16-CV-01902-JMS-DML, 2017 WL 3034266, at *4 (S.D. Ind. July 18, 2017) (holding that a debt collection agency did not have a permissible purpose because, even where a debt exists, a "credit transaction is a necessary prerequisite" for § 1681b(a)(3)(A)).

27.   A *Credit Transaction* involving the consumer is one in which the consumer voluntarily participates and enters into an agreement to receive goods

or services in advance of payment, with the consent of both parties. *See Pintos v.*

*Pacific Creditors Association*, 504 F. 3d 792, 798 (9th Cir. 2007); *Miller v. Trans Union*

*LLC*, No. 06 C 2883 at *7 (N.D. Ill. Feb. 28, 2007); *Rodriguez v. Experian Info. Sols.,*

*Inc.*, Case No. C15-01224RAJ, at *9 (W.D. Wash. Jul. 25, 2016).

28.   Neither the medical treatment, nor any transaction between Mr. Everett

and the medical service provider, constituted an extension of credit, *i.e.*, one in

which the consumer voluntarily participated and entered into an agreement to

receive goods or services in advance of payment, with the consent of both parties.

29.   As such, the Debt did not arise from a credit transaction involving the

consumer.

30.   Affiliate thus lacked a permissible purpose for obtaining a credit report

regarding Mr. Everett.

31.   Affiliate knew, or should have known, the nature of the underlying

Debt, but it nonetheless requested a CBR regarding Mr. Everett.

32.   To obtain a CBR from a CRA, the requesting party must certify its

permissible purpose to the CRA.

33.   Affiliate thus falsely certified to Experian that it had a permissible

purpose under the FCRA to obtain Mr. Everett's report – *e.g.*, that the Debt

involved a Credit Transaction.

34.     Affiliate's request for Mr. Everett's credit report was in connection with its collection of the Debt.

35.     Indeed, the Experian report contained information which Affiliate used, or could have used, to collect the Debt from Mr. Everett.

36.     Mr. Everett a has been damaged in that his personal and highly confidential information has been obtained by an entity with whom he did not consent and had no other permissible purpose to obtain such information.

37.     Affiliate furthered its collection efforts by sending several collection letters to Mr. Everett, including one dated June 5, 2020.  **SEE PLAINTIFF'S EXHIBIT B.**

38.     Rather than prepare and mail a collection letter on its own, Affiliate sent information to a commercial mail house in or around Ashland, VA ("**mail house**").

39.     Alpha disclosed highly personal information regarding Mr. Everett and the Debt to the mail house, including: Mr. Everett's status as a debtor, the amount he supposedly owed and to whom it was owed, information regarding Mr. Everett's account, the fact the Debt concerned medical treatment and the nature of the treatment received.

40.     The mail house then populated some, or all, of this information into a pre-written template, printed, and mailed the letter from Virginia to Mr. Everett's residence in Florida. *Id.*

41.     The term *Communication* is defined in the FDCPA, 15 U.S.C. §1692a(3), as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

42.     Affiliate therefore "communicated" as per the FDCPA when it sent an electronic file containing information about Mr. Everett and his purported debt to the mail house.

43.     Affiliate's communication to the mail house involved disclosure of the Debt to a third-party with instructions to produce a collection letter and mail it to Mr. Everett, the consumer, with the objective that the correspondence would motivate the consumer to pay some or all of the alleged Debt.

44.     Affiliate's communication to the mail house was therefore in connection with the collection of the Debt.

45.     This mail house is a distinct entity not owned by Affiliate.

46.     This mail house is not a consumer reporting agency as referenced in 15 U.S.C. § 1692c(b).

47.     This mail house is not an attorney as referenced in 15 U.S.C. § 1692c(b).

48.     Mr. Everett never consented to having his personal and confidential information, concerning the Debt or otherwise, shared with any mail house.

49.     15 U.S.C. § 1692c(b) states that:

> "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

50.     The mail house used by Affiliate as part of its debt collection effort against Mr. Everett does not fall within any of the categories listed within 15 U.S.C. § 1692c(b).

51.     Due to Affiliate's communication to the mail house, information about Mr. Everett, including his name, medical issues, treatment dates, and the amount he supposedly owes as a result, are all within possession of a third party not expressly listed within 15 U.S.C. § 1692c(b).

52.     If a debt collector "conveys information regarding the debt to a third party – informs the third party that the debt exists or provides information about the details of the debt – then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

53.    Communications from debt collectors to mail houses are not exempt from the provisions of 1692c(b) and are "in connection with" the collection of a debt.  *See generally, Hunstein*, No. 8:19-cv-983 (11th Cir. April 21, 2021).

54.    Affiliate devised this strategy of communicating to a third-party mail house so that it could churn out more collection letters than if it kept all of the work "in house."

55.    This mail house strategy allowed Affiliate to generate more profit and gain an advantage over competitors.

56.    In reckless pursuit of these business advantages, Affiliate disregarded the known, negative effects that disclosing sensitive medical information to an unauthorized third party would have on a consumer.

57.    The Defendants' unauthorized and prohibited communications caused Mr. Everett, a consumer who highly values his privacy, significant emotional distress since his confidential, legally protected medical and personal information had been unlawfully disseminated to third parties.

58.    Mr. Everett has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.


**Remainder of Page Intentionally Left Blank**

## COUNT I
## AFFILIATE'S VIOLATIONS OF THE FCRA

59.     Mr. Everett adopts and incorporates paragraphs 1 – 58 as if fully stated herein.

60.     Affiliate violated **15 U.S.C. § 1681b(f),** either willfully and intentionally or recklessly and without regard for a consumer's rights, when it obtained a credit report from Experian regarding Mr. Everett at a time when it did not have a permissible purpose for doing so, as the Debt did not arise from a credit transaction involving Mr. Everett.

61.     Affiliate's conduct was willful, or alternatively, done with reckless disregard for Mr. Everett's rights under the FCRA.

62.     Affiliate's conduct renders it liable under the FCRA to Mr. Everett in a statutory amount up to $1,000 per incident.

**WHEREFORE,** Mr. Everett respectfully requests that this Court enter judgment against Affiliate for:

a.     The greater of Mr. Everett's actual damages or statutory damages of $1,000 per violation **(total of $3,000)** pursuant to 15 U.S.C. § 1681n(a)(1)(A), and / or 15 U.S.C. §1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3) and / or 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief that this Court deems just and proper.

## COUNT II
## PENDRICK'S VIOLATIONS OF THE FDCPA

63.     Mr. Everett adopts and incorporates paragraphs 1 – 58 as if fully stated herein.

64.     Pendrick violated **15 U.S.C. § 1692c(b)** in that it communicated information about the Debt to Affiliate, a third party, without Mr. Everett's consent or other permissible purpose, and Affiliate was not an attorney for the creditor, the creditor, an attorney for Pendrick, or a consumer reporting agency.

65.     Pendrick's conduct renders it liable for the above-stated violations of the FDCPA, and Mr. Everett is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

66.     Pendrick intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Pendrick, for:

a.     Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. §1692k(a)(2)(A);

b.     Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

d.     Such other relief that this Court deems just and proper.

## COUNT III
## AFFILIATE'S VIOLATIONS OF THE FDCPA

67.     Mr. Everett adopts and incorporates paragraphs 1 – 58 as if fully stated herein.

68.     Affiliate violated **15 U.S.C. § 1692c(b)** when it disclosed information about the Debt to an unauthorized third-party mail house and the employees of that mail house in connection with the collection of the Debt, and the mail house was not an attorney for the creditor, the creditor, an attorney for Affiliate, or a consumer reporting agency.

69.     Affiliate's conduct renders it liable for the above-stated violations of the FDCPA, and Mr. Everett is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

70.     Affiliate intentionally made these communications in order to gain an advantage over other debt collectors and generate additional profits.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Affiliate for:

a.     Statutory damages of **$1,000.00,** pursuant to 15 U.S.C. §1692k(a)(2)(A);

b.     Unspecified actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3); and,

d.     Such other relief that this Court deems just and proper.

## COUNT IV
## PENDRICK AND AFFILIATE'S VIOLATIONS OF THE FCCPA

71.     Ms. Everett adopts and incorporates paragraphs 1 – 58 as if fully stated herein.

72.     Affiliate, as agent for Pendrick, violated **Section 559.72(5), Florida Statutes**, when it disclosed to the Virginia mail house, a third party, information that would affect Mr. Everett's reputation, specifically details about his medical issues and purported unpaid bills.   Affiliate was aware that there was no legitimate business *need* to convey this information, since Affiliate could easily have prepared and mailed the letter itself without any need to disclose the information to a third party.

73.     Instead, Affiliate *intentionally decided* to disclose this information to the Virginia mail house as part of its debt collection effort against Mr. Everett because it allowed Affiliate to gain a competitive advantage over the competition through increased profit margins.

74.     The Defendants' conduct renders them liable for the above-stated violations of the FCCPA, and Mr. Everett is therefore entitled to statutory damages not to exceed $1,000 as well as other relief.

**WHEREFORE,** Mr. Everett respectfully requests this Honorable Court enter judgment against Affiliate and Pendrick, jointly and severally, for:

a.      Statutory damages of **$1,000.00** pursuant to Section 559.77(2), Florida

Statutes;

b.      Unspecified actual damages pursuant to Section 559.77(2), Florida

Statutes;

c.      Injunctive relief preventing the Defendants from making any further

communications to the unauthorized third party when attempting to

collect a consumer debt.

d.      Reasonable costs and attorneys' fees pursuant to Section 559.77(2),

Florida Statutes; and,

e.      Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Everett hereby demands a jury trial on all issues so triable.


Respectfully submitted on May 28, 2021, by:

                                    **SERAPH LEGAL, P. A.**

                                    /s/ *Bridget L. Dow*
                                    Bridget L. Dow, Esq.
                                    Florida Bar No.: 1022866
                                    BDow@seraphlegal.com
                                    /s/ *Bryan J. Geiger*
                                    Bryan J. Geiger, Esq.
                                    Florida Bar No.: 119168
                                    BGeiger@seraphlegal.com
                                    1614 North 19th Street
                                    Tampa, FL 33605
                                    Tel: 813-567-1230
                                    Fax: 855-500-0705
                                    *Attorneys for Plaintiff*


**ATTACHED EXHIBIT LIST**
A    Mr. Everett's Experian Disclosure- February 17, 2021- Inquires
B    Alpha's Collection Letter to Plaintiff, Dated June 27, 2020